*2 OPINION OF THE COURT
Richard Lee Price, J.
The attorneys for the Islamic Republic of Iran move for an order vacating and setting aside the judgment entered against the defendant, Rogers & Wells, on May 5,1981, on the ground that the court lacked jurisdiction to render said judgment because the underlying claim had been suspended by an international agreement between the Governments of the United States and Iran on January 19, 1981 and ratified by an executive order issued on February 26, 1981, pursuant thereto. It is the movant’s contention that the judgment rendered on May 5, 1981 in this court (pursuant to the order of the Appellate Division, First Department, dated April 28, 1981 [81 AD2d 556]) is null and void in light of the Algerian Declaration and Executive Order No. 12170 which terminated all litigation concerning claims between the United States and Iran, and provided for said claims to come before an International Arbitration Tribunal.
THE BACKGROUND
The movant, in support of this application, alleges that the Alavi Foundation of Iran, an Iranian Government entity (Alavi), the legal successor of Pahlavi Foundation of Iran (Pahlavi), is the real party in interest, directly and adversely affected by the judgment and not Rogers & Wells, defendant herein, which is holding in escrow the sum of $50,000, the basis for the judgment entered herein. The applicant further submits that the dispute involved in the underlying action arose from a contract entered into between the plaintiffs and Pahlavi and is part of the “Iranian Litigation” which flowed out of the crisis between the United States and Iran, negotiations for the resolution of which culminated in the “Algerian Declaration”. The Algerian Declaration, an international agreement comprising adherences and undertakings by the Governments of the United States of America and the Islamic Republic of Iran, provides for the settlement of the crisis and termination of all litigation as between each Government and the nationals of the other. Allegedly, pursuant to the aforesaid declarations, President Carter issued a series of executive *3 orders on January 19,1981 to implement the international agreement between the United States and Iran. On February 24, 1981, President Reagan issued an executive order ratifying the prior executive orders, and suspending and terminating the Iranian litigation by disposition of all pending claims through settlement or binding arbitration. It is argued by movant that the judgment entered herein on May 5,1981 was erroneous and is therefore void and of no legal effect.
the; contract
On July 25,1974 plaintiff Marriott Corporation entered into a written contract with movant — Pahlavi, organized under the laws of Iran. It appears that plaintiff was to perform certain design and procurement services outside Iran in connection with the construction of a hotel located in Iran. The contract terminated pursuant to a settlenient agreement dated December 13,1977, in which the Pahlavi Foundation would pay plaintiff $1,200,000 for all work completed as of that date, of which $1,150,000 was to be paid to plaintiff upon execution, and $50,000 was to be deposited into an escrow account. Thereafter, plaintiff and defendant, Rogers & Wells, executed an escrow agreement in New York, whereby $50,000 was to be remitted to plaintiff upon the “satisfactory performance” of its obligations under the 1977 settlement agreement. According to the terms of said agreement, Pahlavi had 150 days after due execution of the agreement to notify plaintiff of any errors or omissions in the plans prepared pursuant to the settlement agreement. It is undisputed that the requisite 150-day period terminated without movant giving plaintiff notice of any errors or omissions. Plaintiff then demanded payment of the funds in escrow, whereupon defendant refused to deliver same, because there was no written approval from the Foundation to do so.
On November 6, 1979, plaintiffs commenced the underlying action against defendant seeking the aforesaid sum of $50,000, held in escrow by the defendant, Rogers & Wells.
By its answer, the defendant denied knowledge as to the rightful owner of the escrow funds and raised as an affir *4 mative defense the executive order issued on November 14, 1979, which blocked the disposition of property and interest in property of the Government of Iran.
Simultaneously with the service of its answer, defendant moved pursuant to CPLR 1006 (subd [g]) for an order permitting it to pay the $50,000 into court as an inter-pleading plaintiff. Plaintiffs thereafter cross-moved for summary judgment against defendant, contending that there existed no issue óf fact as to whether the said $50,000 was due plaintiffs. By decision of this court, entered January 29, 1980, plaintiffs’ cross motion was denied because there existed issues of fact of notification to escrow agent from Pahlavi to release the subject funds. Defendant’s motion was granted permitting it to deposit the said sum of $50,000 into a blocked account. Purportedly, on March 18, 1980, plaintiffs filed a notice of appeal from the order denying their cross motion for summary judgment.
By an order entered April 28, 1981, the Appellate Division, First Department, reversed' the order of the lower court, finding that there existed no factual dispute; that plaintiffs were entitled to the escrow funds being held for their benefit and that the declarations (referred to in the United States “Statement of Interest” requesting a suspension of proceedings) were inapplicable to this claim because its existence predated the declarations. On May 5,1981, a judgment pursuant to the Appellate Division order was entered in the New York County Clerk’s office in favor of plaintiffs against the defendant in the sum of $59,577.54, which judgment is the subject of this application.
THE INSTANT APPLICATION
Movant, “The Foundation” now comes before this court arguing that the judgment entered on May 5,1981, in New York Supreme Court is jurisdictionally defective. The Department of Justice has. submitted a statement of interest in this matter, aligned With movant’s position, recommendifig that the judgment should be vacated and this claim heard before the International Arbitration Tribunal. Movant contends that it was an indispensable party, and therefore, the real party in interest to this ligitation and *5 that its absence renders the judgment jurisdictionally defective.
It is clear that these are the very issues which the Appellate Division, First Department, considered and subsequently rejected. The appeals court found that the claim in question was not one against an instrumentality of the Government of Iran, but pursuant to a private agreement, and accordingly, this claim could be litigated in our courts.
In opposition, plaintiff asserts that , this court is not the proper forum to entertain this motion. This contention is clearly erroneous. CPLR 5015 (subd [a]) expressly provides that “The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested party” (emphasis added). Moreover, while a judgment entered on the order of the Appellate Division is for purposes of appeals, a judgment of the Appellate Division, for other purposes it is a judgment of the court in which it is entered, and a motion to vacate for irregularity or to amend can be made only in the Appellate Division or in the court in which judgment is entered (Whitney v Lyric-Rochester Corp., 246 App Div 896).
However, although vested with the authority to decide this motion, this court necessarily must follow the Appellate Division’s findings that movant was not an indispensable party to this litigation, and that this claim is not governed by the executive orders.
In view of the foregoing, this court declines to vacate the judgment entered on May 5, 1981. Accordingly, movant, the Pahlavi Foundation’s motion pursuant to CPLR 5015 (subd [a], par 4) is denied.